UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **SHARON FAYE BURKS,** | ) |
| **Claimant,** | ) ) ) |
| vs. | ) Case No. 7:16-cv-1847-CLS ) |
| **NANCY A. BERRYHILL, Acting Commissioner, Social Security Administration,** | ) ) ) ) |
| **Defendant.** | ) ) |

**MEMORANDUM OPINION AND ORDER**

Claimant, Sharon Burks, commenced this action on November 15, 2016, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying her claim for a period of disability and disability insurance benefits.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts that the ALJ improperly considered her subjective complaints of pain and improperly evaluated her credibility. Upon review of the record, the court concludes that these contentions are without merit, and the Commissioner's decision should be affirmed.

To demonstrate that pain or another subjective symptom renders the claimant disabled, he or (as in this case) she must "produce 'evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain.'" *Edwards v. Sullivan*, 937 F. 2d 580, 584 (11th Cir. 1991) (quoting *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)). If an ALJ discredits subjective testimony on pain, "he must articulate explicit and adequate reasons." *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987) (citing *Jones v. Bowen*, 810 F.2d 1001, 1004 (11th Cir. 1986); *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986)). Furthermore, "[a]fter considering a claimant's complaints of pain, the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence." *Marbury v. Sullivan,* 957 F.2d 837, 839 (11th Cir. 1992) (citing

*Wilson v. Heckler,* 734 F.2d 513, 517 (11th Cir. 1984)) (alteration supplied). Social Security regulations also provide that the following factors can be considered in evaluating the credibility of a claimant's allegations of pain:

> (i) Your daily activities;
>
> (ii) The location, duration, frequency, and intensity of your pain or other symptoms;
>
> (iii) Precipitating and aggravating factors;
>
> (iv) The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms;
>
> (v) Treatment, other than medication, you receive or have received for relief of your pain or other symptoms;
>
> (vi) Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and
>
> (vii) Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. § 404.1529(c)(3)(i)-(vii).

The ALJ found that claimant had the severe impairments of gastroparesis, degenerative disc disease, high blood pressure, coronary artery disease, and depression.[1] Despite the presence of those conditions, the ALJ found that the objective medical evidence did not support the existence of limitations greater than

---

[1] Tr. 13.

3

a residual functional capacity to perform a limited range of medium work.[2] While claimant "may experience some symptoms related to" her medical conditions, the ALJ found that "her symptoms can sometimes suggest a greater level of severity of impairment than can be shown by the objective medical evidence alone."[3] Those findings were in accordance with applicable regulatory authority. The ALJ also adequately articulated the reasons for his findings. He stated that claimant's daily activities, including some attempted work activity, were greater than would be expected from a totally disabled individual. He also found that the medical treatment claimant had received was relatively conservative and generally effective in controlling her symptoms. Finally, the ALJ considered that none of claimant's treating physicians had imposed any restrictions upon her activity.[4]

Even though the ALJ's findings were in accordance with applicable law, claimant asserts that those findings were not supported by substantial evidence because the ALJ did not appropriately consider her longitudinal treatment history and her daily activities.

Social Security Ruling 96-7p provides that, "[i]n general, a longitudinal medical record demonstrating an individual's attempts to seek medical treatment for

---

[2] Tr. 15, 17.
[3] Tr. 19.
[4] Tr. 19-21.

4

pain or other symptoms and to follow that treatment once it is prescribed lends support to an individual's allegations of intense and persistent pain or other symptoms for the purposes of judging the credibility of the individual's statements." SSR 96-7p, 1996 WL 374186, at *7 (July 2, 1996) (alteration supplied). The ALJ did not, as claimant alleges, selectively rely upon isolated notations from her medical records that tended to support a finding of no disability. Instead, the ALJ looked to claimant's entire medical history, both before and after her alleged onset date. While he may not have mentioned every single doctor's visit listed in claimant's medical records and every single treatment she endured, that is not necessary in light of his generally thorough review of the entire record and adequate explanation of reasons for rejecting plaintiff's subjective complaints. *See Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) ("In all events, there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision, as was not the case here, is not a broad rejection which is 'not enough to enable [the district court or this Court] to conclude that [the ALJ] considered her medical condition as a whole.'") (quoting *Foote v. Chater,* 67 F.3d 1553, 1561 (11th Cir. 1995)) (alterations in original). It is apparent that claimant has a long history of complaining to her medical providers of severe pain, and she has undergone multiple medical procedures and other treatment to alleviate the pain. Her complaints date

back almost a decade before her alleged onset date, but she was working for much of that time, and there is no indication that her condition substantially worsened. Most importantly, pain alone is not proof of disability, and there is no evidence that claimant actually experienced functional limitations as a result of her pain that would be inconsistent with the ALJ's residual functional capacity finding. *See* 20 C.F.R. § 404.1505(a) (defining a disability as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months"). *See also Bowen v. Yuckert,* 482 U.S. 137, 146 (1987) ("The [Social Security] Act 'defines "disability" in terms of the effect a physical or mental impairment has on a person's ability to function in the workplace.'") (quoting *Heckler v. Campbell,* 461 U.S. 458, 459-60 (1983)) (alteration supplied).

The ALJ also did nor err in evaluating claimant's daily activities. The ALJ found:

> The claimant has described daily activities, which are not limited to the extent one would expect, given the complaints of disabling symptoms and limitations. Consistent with having mild restrictions in activities of daily living, the undersigned notes that the claimant had indicated the ability to perform some light housekeeping, food shopping if needed, and preparing light meals. She also reported that she could do light cleaning, laundry, dusting, and making beds, although it took longer than average to do her chores . . . . At the February 18, 2015,

> hearing, she stated that on a daily basis, she takes her dog on a long walk about 2 blocks, comes home, does chores in between rest breaks, and she usually naps in the afternoon. Consistent with having mild difficulties in social functioning, she indicated that she spent time with others talking and doing some shopping. She also indicated that on a regular basis, she went to the doctor's office, Wal-Mart, the grocery store, and relative or friends['] homes. She further indicated that she got along with authority figures "well." . . .
>
> As mentioned earlier, the record reflects work activity after the alleged onset date, as the claimant had earnings in the 1st and 2nd quarters of 2013. . . . Although that work activity on and after March 30, 2013, did not constitute disqualifying substantial gainful activity, it does indicate that the claimant's daily activities have, at least at times, been somewhat greater than the claimant has generally reported.

Tr. 19-20 (alteration and ellipses supplied). As an initial matter, it was legally appropriate for the ALJ to consider claimant's daily activities as one factor in evaluating claimant's credibility. *See* 20 C.F.R. §§ 404.1529(c)(3)(i) and 416.929(c)(3)(i) (stating that the Commissioner should consider a claimant's "daily activities"). Additionally, contrary to claimant's suggestion, the ALJ did not misconstrue the evidence by neglecting to consider claimant's stated need for rest breaks in between and after activities. Instead, the ALJ specifically stated that claimant took rest breaks and napped in the afternoon. Further, the court concludes that the ALJ did not give undue consideration to claimant's ability to perform limited daily activities. It is true that the Eleventh Circuit has disavowed the notion that "participation in everyday activities of short duration, such as housework or fishing,

disqualifies a claimant from disability." *Lewis v. Callahan,* 125 F. 3d 1436, 1441 (11th Cir. 1997). Even so, the ALJ did not rely solely upon claimant's daily activities in evaluating the credibility of her subjective complaints. He also looked to the consistency of claimant's complaints with the objective medical evidence, her treatment history, and the fact that none of her treating medical providers ever imposed any work-related limitations. Finally, it was appropriate for the ALJ to consider claimant's attempts to work in 2013, even though those attempts may have been brief. *See* 20 C.F.R. § 404.1571 ("The work, without regard to legality, that you have done during any period in which you believe you are disabled may show that you are able to work at the substantial gainful activity level. If you are able to engage in substantial gainful activity, we will find that you are not disabled. . . . Even if the work you have done was not substantial gainful activity, it may show that you are able to do more work than you actually did. We will consider all of the medical and vocational evidence in your file to decide whether or not you have the ability to engage in substantial gainful activity.").

In summary, the ALJ properly evaluated claimant's subjective complaints of pain and her credibility. The ALJ's decision was based upon substantial evidence and in accordance with applicable legal standards. Accordingly, the decision of the Commissioner is AFFIRMED. Costs are taxed against claimant. The Clerk is

8

directed to close this file.

DONE this 7th day of September, 2017.

_____
United States District Judge